UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60237
Summary Calendar
_____

EQUIPMENT HOLDINGS, INC.,

Petitioner,

versus

OCCUPATIONAL SAFETY AND HEALTH REVIEW
COMMISSION; ALEXIS M. HERMAN, SECRETARY,
UNITED STATES DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of an Order of the
Occupational Safety and Health Review Commission
(97-1099)
_____

November 26, 1999

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

On 8 February 1997, the crane and gear department manager for Port Cooper/T. Smith Stevedoring Company (Cooper) requested a crane and operator, as he had several times previously, from Equipment Holdings, Inc. (Equipment Holdings customarily included the operator's fee in the rental basic hourly rate.)  With the crane, Equipment Holdings dispatched Randy Taylor, a certified crane operator it hired frequently through the local union.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Informed by the Cooper superintendent that he would be off-loading steel coils weighing up to 60,000 pounds, Taylor began performing lifts according to the signals of a Cooper flagman. Around 9 p.m., a Cooper foreman instructed Taylor to reposition the crane for further off-loading. On the first lift, the crane overturned and struck a nearby truck, killing a Cooper employee. The load for the attempted lift was 86,960 pounds.

OSHA officials issued citations and proposed penalties against Equipment Holdings, on the basis that the crane was *not* equipped with a load indicating device, or a readily visible load ratings chart, or proper counterweights. In a proceeding before the Occupational Safety and Health Review Commission, the ALJ determined that Equipment Holdings was the controlling employer and that penalties for the violations, totaling $6,000, were appropriate. The Commission declined discretionary review, making the ALJ's decision final.

The Commission's factual findings must be upheld if "supported by substantial evidence on the record considered as a whole", *see* ***Phoenix Roofing, Inc. v. Dole***, 874 F.2d 1027, 1029 (5th Cir. 1989) (citing 29 U.S.C. § 660(a)); its legal conclusions must be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706(2)(A).

Equipment Holdings maintains that it was *not* the "employer" of the crane operator (Taylor); that Cooper was, because it controlled the operations at the dock and the use of the crane, and therefore, was in the best position to prevent the violations. It

asserts that Equipment Holdings had no supervisors at the dock, that only Cooper knew the weight to be lifted, and that Taylor, who worked for various waterfront employers, believed Cooper was his employer. Additionally, it points to the testimony of Phillip Nessler, an experienced engineer and former OSHA supervisor, that Cooper was responsible for meeting safety standards at the job site, including the safety of the crane.

However, the ALJ, noting the factors utilized by the Supreme Court in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 324-25 (quoting *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989)), to determine employer-employee relationsihps, found that Equipment Holdings was the "employer": only Taylor, the crane operator, could ascertain how much weight was on the hook, and refer to his charts to determine the correct boom angle for the lift; and, because Equipment Holdings performs the maintenance on its cranes, it was in the best position to prevent the violations.

In the light of our standard of review, we do *not* "reweigh the evidence or independently evaluate evidentiary conflicts". *Dole*, 874 F.2d at 1029. Instead, viewing the record as a whole, we conclude that the decision was supported by substantial evidence.

*DENIED*